UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY TUCKER,

                Plaintiff,

           -v-

AMAZON.COM, INC.,

                Defendant.

19-CV-9841 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Henry Tucker, who is visually impaired, claims that Defendant Amazon.com is violating the Americans With Disabilities Act, 42 U.S.C. §§ 12182 *et seq.*, as well as New York City and State law, by not offering Braille gift cards. (Dkt. No. 19.) Amazon.com has moved to dismiss the operative complaint, Tucker's first amended complaint, pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 22.) Amazon.com argues that Tucker lacks standing because he has not plausibly alleged a cognizable injury and that Tucker has failed to state a claim because the ADA does not require Amazon.com to offer Braille gift cards. (*Id*.)

    Tucker's claim here is virtually indistinguishable from his ADA claim in *Tucker v. Puma North America*, which the Court recently dismissed under Rule 12(b)(6). No. 19-cv-10291 (S.D.N.Y. Oct. 26, 2020). For the reasons stated in *Puma North America*, as well as in other cases claiming ADA violations based on a business's failure to provide Braille gift cards, the Court has jurisdiction over Tucker's claim but concludes that dismissal under Rule 12(b)(6) is warranted. *See, e.g., Mendez v. Outback Steakhouse of Florida*, No. 19-cv-9858, 2020 WL 4273820 (S.D.N.Y. July 23, 2020); *Thorne v. Am. Dairy Queen Corp.*, No. 19-cv-9933, 2020 WL 6063584 (S.D.N.Y. Oct. 14, 2020); *Dominguez v. Banana Republic, LLC*, _ F. Supp. 3d _, 2020 WL 1950496 (S.D.N.Y. 2020).

In brief, Tucker suffered an injury-in-fact, and thus has standing, based on his allegation that he faced disability-based discrimination when "he inquired about the availability of a Braille gift card, was told they were not offered, and was not [affirmatively] offered any other auxiliary aid." *Thorne*, 2020 WL 6063584, at *2.  Tucker's claim fails on the merits, however, because gift cards are a "good" that Amazon.com has no duty to modify under the ADA.  *Mendez*, 2020 WL 4273820, at *3 (quoting *Mendez v. BG Retail LLC*, No. 19-cv-11166, 2020 WL 3318293, at *2 (S.D.N.Y. June 18, 2020)).  Furthermore, the complaint does not indicate that Amazon.com "refused [Tucker] any [and all] means of 'effective communication' with respect to its gift cards," *id.* at *4 (emphasis omitted) (quoting 28 C.F.R. § 36.303(c)(1)(ii)), so his suggestion that Amazon.com violates the ADA by failing to offer gift cards with Braille as an "auxiliary aid[]" is insufficient, *id.* (quoting 42 U.S.C. § 12182(b)(2)(A)(iii)).  Tucker's ADA claim is dismissed.  Having dismissed Tucker's only federal claim, the Court declines to exercise supplemental jurisdiction over Tucker's remaining New York City and State law claims.  *See id.* at *4 (citing 28 U.S.C. § 1367(c)(3)).

In the event that his complaint is deficient, Tucker requests leave to file a second amended complaint.  Leave may be granted if Tucker can allege additional facts indicating that Amazon.com does not "provide auxiliary aids or services ensuring effective communication of the information on its gift cards to blind persons."  *Id.* at *4.

For the foregoing reasons, Defendant's motion to dismiss the first amended complaint is GRANTED.  Defendant's motion to dismiss the original complaint is DENIED as moot.  Plaintiff shall file a letter motion either requesting leave to file a second amended complaint or indicating his intention not to do so on or before February 2, 2021.  If Plaintiff chooses not to amend, the Court will enter final judgment and direct the Clerk of Court to close this case.

3

The Clerk of Court is directed to close the motions at Docket Numbers 14 and 22.

SO ORDERED.

Dated: January 19, 2021
      New York, New York

_____
J. PAUL OETKEN
United States District Judge